IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| VICTOR V. ROSE, § | | |
| SID NO. TX 04012191, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-06-050 |
| § | | |
| TEXAS BOARD OF PARDONS AND § | | |
| PAROLES, et al. § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Victor Rose, a parolee, has filed a civil rights action against the Texas Board of Pardons and Paroles, the Texas Department of Criminal Justice - Paroles Division and Sheriff Charlie West of Milam County, Texas regarding a revocation warrant under 42 U.S.C. § 1983. Rose complains that he has been wrongly detained and seeks a release and monetary damages under 42 U.S.C. § 1983. This action will be dismissed as frivolous.

### I. Claims and Allegations

Rose asserts that he had been sentenced to six years in TDCJ-CID pursuant to a burglary conviction out of Tarrant County, Texas in 1987. *See* Docket Entry No. 3 at 4 (complaint). *See also* Docket Entry No. 3-4 (Notice of Intent to Offer Extraneous Offenses) *State v. Rose*, No. 0319377W (213th Dist. Ct., Tarrant County, Tex., May 3, 1988).[1] He claims that he was released on parole on July 27, 1988, and later discharged the sentence on November 11, 1993. In the meantime, Rose also

---

[1]There is a discrepancy between Rose's allegation and his supporting document regarding the year of the judgment. It appears that the earlier date, 1987, is more consistent with Rose's sequence of events.

faced charges in Oklahoma where he was convicted of Forgery, Perjury, and Burning a Public Building and sentenced to nine years in the Oklahoma Prison System on September 23, 1988. Docket Entry No. 3 at 4,5; Docket Entry No. 3-4. Rose asserts that he discharged the Oklahoma sentence in 1996. Docket Entry No. 3 at 5.

Rose was charged with possession of stolen property, a misdemeanor on July 15, 2005. When he attempted to post bond, he was informed that he was ineligible because there was a blue warrant that had been filed on October 3, 1988. *Id*. Rose entered a guilty plea to the misdemeanor charge and was sentenced to 284 days with credit for time served. *State v. Rose*, No. CR21398 (20th Dist. Ct., Milam County, Tex. April 26, 2006); Docket Entry No. 3-3. After completing his sentence, Rose requested a release; however, Sheriff West refused to let him go due to the outstanding warrant.

Rose argues that he should be released and all revocation proceedings should be terminated because he previously discharged his parole. He requests that the blue warrant be dismissed and that he be paid $ 100.00 for each day that he has been held pursuant to the warrant.

## II. <u>Analysis</u>

A suit for damages under 42 U.S.C. § 1983 must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). By challenging the Parole Board's decision to initiate proceedings to revoke his release, Rose challenges the duration of his confinement and must satisfy *Heck. See Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). *See also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir.2000) (holding that section 1983 challenges to extradition procedures are barred by *Heck)*. Rose presents no allegation

or evidence that the Board's decision has been overturned. His claims necessarily imply that his continued incarceration is invalid, and therefore, the claims are barred by *Heck*. *See Edwards v. Balisok*, 117 S.Ct. 1584, 1587 (1997). Rose's civil rights claim has no legal basis unless and until he obtains an appropriate judgment reversing his parole detainer. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing Heck*, 114 S.Ct. at 2372. In addition, Texas Parole Board members and officials under them are absolutely immune from section 1983 damages suits for performance of their quasi-judicial role making individual parole decisions. *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190 (5th Cir. 1985); *Hulsey v. Owens*, 63 F.3d 354 (5th Cir. 1995); *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122 (5th Cir. 1995).

It appears that Rose's primary objective in filing this proceeding is to secure his release. Consequently, he must first file a petition for a writ of habeas corpus to obtain such relief. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing*, *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). However, Rose is required to exhaust all available claims in the state court system prior to requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). There is no indication in the pleadings or in available state court records that Rose has made any attempt to resolve this matter in the state courts since he was incarcerated in 2005. *See* Website for Texas Court of Criminal Appeals. http://www.cca.courts.state.tx.us/.

Rose filed this action as a prisoner and, if frivolous, his complaint is subject to dismissal under 28 U.S.C. § 1915A. This action is frivolous because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). This action shall be dismissed without prejudice to refiling when Rose is able to comply with the *Heck* requirements after making a proper habeas challenge in the Texas state courts. *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998).

### III. Conclusion

The court **ORDERS** the following:

1. This complaint, filed by Milam County Jail prisoner Victor V. Rose, SID NO. TX 04012191, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915A. This dismissal is without prejudice to filing a proper habeas action after exhausting state court remedies.

2. The Clerk is directed to provide a copy of this Memorandum and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the *Pro Se* Clerk for the United States District Court, Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 2nd day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE